**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**CRIMINAL NO. 2:11-CR-33-2**
　　　　　　　　　　　　　　　　　　　　　　**(Judge Bailey)**

**RICHARD T. OLDAKER,**

    **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO SUPPRESS

Pending before this Court is the Opinion/Report and Recommendation (Doc. 118) issued by Magistrate Judge John S. Kaull on February 16, 2012. This Court, having reviewed Defendant's Motion to Suppress Evidence (Doc. 91), Defendant's Memorandum of Law in Support of Motion to Suppress Evidence (Doc. 91-1), the Government's Objection to Defendant's Motion to Suppress Evidence (Doc. 104), the Government's Memorandum in Support of Objection to Defendant's Motion to Suppress (Doc. 105), the Report and Recommendation (Doc. 118), Defendant Richard T. Oldaker's Objections to Report and Recommendation/Opinion of Magistrate (Doc. 177), the transcript of the evidentiary hearing before Magistrate Judge Kaull (Doc. 169) and the exhibits introduced at he hearing (Doc. 113), does adopt the Report and Recommendation for the following reasons:

The motion to suppress emanates from the execution of a search warrant at defendant Oldaker's property at Route 9, Box 168, Buckhannon, Upshur County, West Virginia on September 20, 2011. On that day, law enforcement officers executed a search

1

warrant at another residence on Railroad Avenue in Buckhannon and, during the search obtained written statements from three persons who identified the defendant's basement as the location of a meth lab. This Court will not further set out the facts, inasmuch as the facts are thoroughly set forth in the excellent Report and Recommendation and are supported by the transcript of the testimony presented at the suppression hearing.

In the defendant's objections, he contends that (1) "the warrant affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" (2) that the affidavit was "even worse than the affidavit rejected in **United States v. Wilhelm**, 80 F.3d 116 (4th Cir. 1996), and (3) that the state magistrate was acting as a "rubber stamp" for the law enforcement officials.

With respect to the first contention:

> "[S]earches pursuant to a warrant will rarely require any deep inquiry into reasonableness," **Illinois v. Gates**, 462 U.S. at 267 (WHITE, J., concurring in judgment), for "a warrant issued by a magistrate normally suffices to establish" that a law enforcement officer has "acted in good faith in conducting the search." **United States v. Ross**, 456 U.S. 798, 823, n. 32 (1982). Nevertheless, the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable, cf. **Harlow v. Fitzgerald**, 457 U.S. 800, 815–819 (1982), and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued.

***United States v. Leon***, 468 U.S. 897, 922-23 (1984) (footnotes omitted).

In determining whether the ***Leon*** good faith exception applies, "it is proper to consider any contemporaneous oral statements to the magistrate in conjunction with the supporting affidavit in assessing the reasonableness of an officer's reliance on a warrant." ***United States v. Legg***, 18 F.3d 240, 243 (4th Cir. 1994), citing ***United States v. Edwards***, 798 F.2d 686, 698-92 (4th Cir. 1986). *See **United States v. McKenzie-Gude***, __ F.3d __, 2011 WL 6276086 (4th Cir. December 16, 2011); ***United States v. Doyle***, 650 F.3d 460, 471 (4th Cir. 2011); ***United States v. Perez***, 393 F.3d 457, 462 (4th Cir. 2004). It is of no consequence for the good faith analysis that a portion of the information presented to the magistrate was unsworn. *See **United States v. Mannion***, 54 Fed.Appx. 372, 375 (4th Cir. 2002) (unpublished).

In considering the universe of the information presented to the magistrate, the magistrate was told that three individuals had provided written statements in which they provided information concerning a meth lab at the defendant's home and that one of the informants had been used by Corporal Hebb in another search warrant and had been an informant for Sergeant Powers and had provided good information in that capacity. The informant also indicated that he had seen meth precursors at defendant's house the day before. This information was sufficient to provide the officers with a reasonable belief as to the validity of the warrant.

The facts presented in this case are a far cry from the "bare bones" found in ***United States v. Wilhelm***. In ***Wilhelm***, the warrant was "based solely upon an anonymous phone caller's tip that the caller had recently observed marijuana sales in Wilhelm's residence.

3

The officer did not learn the caller's name or any other identifying information, nor did he meet with the caller in person at any point. Nevertheless, the officer's affidavit described the anonymous caller as 'a reliable source who is a concerned citizen, a resident of Iredell County, a mature person with personal connections with the suspects and has projected a truthful[ ] demeanor to this applicant.'" **United States v. Perez**, 393 F.3d 457, 463-64 (4th Cir. 2004).

In this case, the informants were known to the officers and gave their written, face to face statements. In addition, the reliability of one of the informants was known by the officers. Furthermore, the information was specific and provided a basis for the informant's knowledge.

For the reasons stated above, this Court adopts the Report and Recommendation of the Magistrate Judge (Doc. 118). Defendant Oldaker's Motion to Suppress Evidence (Doc. 91) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit certified copies of this Order to the defendants and all counsel of record.

**DATED**: February 29, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE